1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
AT&T WIRELESS SERVICES, INC.,     )
                                                    )       Case No. C03-0161L
                            Plaintiff,              )
        v.                                          )
                                                    )       ORDER GRANTING IN PART
MORGAN & FINNEGAN, L.L.P.,          )       DEFENDANT'S MOTION IN LIMINE
                                                    )       REGARDING MICAH STOLOWITZ
                            Defendant.           )
_____ )

        This matter comes before the Court on "Defendant's Motion in Limine to Exclude

Certain Testimony by Micah Stolowitz."  Defendant argues that Mr. Stolowitz, a patent attorney,

should not be permitted to offer his opinions regarding the patentability of AWS 562 (Opinion

#1 of Expert Report), claim construction, whether the Patent and Trademark Office would have

issued a patent had the application been timely filed (Opinion #4 of Expert Report[1]), and

whether a statutory bar date existed (Opinion # 2 of Expert Report).  Having reviewed the

memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

        (1)  The issues raised in defendant's motion can be resolved on the papers submitted by

the parties.  Defendant's request for oral argument is therefore DENIED.

_____

        [1]  In the "Summary Statement of Opinions," Mr. Stolowitz' opinion regarding whether the PTO
would have issued a patent is listed as #5, but it is discussed more fully under the heading "4.  A Patent
Would Have Issued from the AWS Application."

ORDER GRANTING IN PART DEFENDANT'S MOTION
IN LIMINE REGARDING MICAH STOLOWITZ

1    (2) As a patent attorney with almost twenty years of experience, Mr. Stolowitz has

2    specialized knowledge regarding the standards and procedures the Patent and Trademark Office

3    ("PTO") uses to evaluate a patent application and has, in the course of his employment,

4    developed an expertise in advising clients regarding all aspects of intellectual property

5    protection, including the patentability of a particular invention.  For purposes of Opinion # 1, the

6    Court does not find his lack of ordinary skill in the art to be determinative: patent attorneys

7    regularly provide opinions regarding patentability, many of which require an investigation and

8    analysis of prior art.  Mr. Stolowitz' testimony regarding patentable subject matter, the novelty

9    requirement, the nonobvious requirement, and whether AWS 562 satisfies those requirements in

10   light of prior art[2] will assist the trier of fact in understanding the evidence and determining

11   proximate cause.

12   (3) Mr. Stolowitz will not, however, be permitted to testify regarding what one of

13   ordinary skill in the art would understand from the claim terms that would have issued had the

14   AWS 562 application been timely filed.  Mr. Stolowitz is not skilled in the art, as he

15   acknowledged during his deposition (pages 90-91), and his testimony would not assist the Court

16   in determining what one of ordinary skill in the art would have understood at the time the patent

17   issued.  If there is a dispute regarding how a particular claim should be construed, the

18   restrictions imposed by Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582-83 (Fed. Cir.

19   1996), on the sequence and sources of information that can be consulted will apply.  To the

20   extent Mr. Stolowitz is permitted to offer any opinions regarding claim construction, the

21   testimony will be limited to the type of interpretive rules discussed at pages 17-19 of the Expert

22   Report.

23

24        [2]  As an expert, Mr. Stolowitz is permitted to rely on hearsay information received from third
     parties, such as the prior-art search firm used to investigate the novelty and obviousness of AWS 562, as
25   long as such information is "of a type reasonably relied upon by experts in the particular field in forming
     opinions or inferences upon the subject . . . ."  Fed. R. Ev. 703.
26

ORDER GRANTING IN PART DEFENDANT'S MOTION
IN LIMINE REGARDING MICAH STOLOWITZ        -2-

1        The effect of this ruling is not clear.  At this point in the litigation, with trial less

2   than a week away, the Court assumes that there is no actual dispute regarding claim construction

3   and that the main issues of patentability and infringement will be determined by the jury.

4   Although defendants have mentioned the possible need for claim construction throughout this

5   litigation, neither party has identified an actual dispute or requested that the Court construe the

6   claims.  Nor have the parties proposed a method by which claim construction could occur in the

7   middle of a jury trial.  The Court notes, without deciding, that it may well be too late to assert an

8   inability to understand the terms of the AWS 562 application at this point.

9        (4) Although Mr. Stolowitz will be permitted to testify regarding how the PTO evaluates

10   and processes patent applications, the standards of patentability, and whether the AWS 562

11   application satisfied those standards, he will not be permitted to testify that, in his opinion, the

12   PTO would have issued a patent.  Mr. Stolowitz will be permitted to testify to the extent of his

13   expertise: the jury must thereafter decide whether a valid patent would have issued with

14   substantially the same claims as presented in the application.  That conclusion will be based on

15   all of the evidence presented and does not require any particular expertise.

16        (5) The Court has already found that the invention was described in a printed publication

17   on or before August 10, 2000.  No testimony regarding the statutory bar date is necessary or will

18   be admitted.

19

20        For all of the foregoing reasons, defendant's motion to exclude certain testimony

21   of Micah Stolowitz is GRANTED in part and DENIED in part.

22

23        DATED this 25th day of April, 2005.

24

25        *Robert S. Lasnik,*
       Robert S. Lasnik,

26       United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
IN LIMINE REGARDING MICAH STOLOWITZ     -3-