UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
AT&T WIRELESS SERVICES, INC.,   )
                                )   Case No. C03-0161L
            Plaintiff,          )
    v.                          )
                                )   ORDER GRANTING IN PART PLAINTIFF'S
MORGAN & FINNEGAN, L.L.P.,      )   MOTION IN LIMINE REGARDING
                                )   DUPLICATIVE EXPERTS
            Defendant.          )
_____ )

This matter comes before the Court on "Plaintiff's Motion in Limine No. 3 (to Exclude Defendant's Expert Witnesses Pursuant to Local Rule CR 43(j))." Based upon summaries provided by defendant in its pretrial statement, plaintiff argues that defendant intends to present more than one expert witness on a given subject, in violation of Local Rule 43 (j) and Fed. R. Ev. 403.[1]

Although duplicative testimony will not be permitted, many of plaintiff's objections cannot be resolved until trial because it is very difficult to tell from summaries and

---

[1] In its reply, plaintiff asserts that defendant also violated Fed. R. Civ. P. 26(a)(2) by failing to disclose certain opinions held by Mr. Dillon and Mr. Sherman. This argument was raised too late to give defendant an opportunity to respond: plaintiff should raise these issues again at the beginning of trial if it believes that defendant without substantial justification failed to disclose information required by Rule 26(a).

ORDER GRANTING IN PART PLAINTIFF'S
MOTION IN LIMINE REGARDING
DUPLICATIVE EXPERTS

the arguments of counsel whether the various experts will address discrete subjects within the broad categories of standard of care, patentability, and damages or whether they will simply repeat the testimony of others.  Based on the representations of defense counsel and the exhibits presented, however, it is clear that certain testimony is duplicative and will not be admitted.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that defendant must choose between its two standard of care experts.  This is a legal malpractice case under Washington law, and defendant must choose the expert best suited to defend such a case.[2]  In addition, the Court notes that the presentation of three experts to testify regarding wireless economic and technology issues in an attempt to rebut Dan Burns' damage calculation appears excessive.  Defendant shall be required to make a detailed offer of proof before the second and third experts will be permitted to take the stand.

For all of the foregoing reasons, plaintiff's motion to exclude duplicative expert testimony is GRANTED as to the standard of care experts.  All other challenges under Local Rule 43(j) are reserved for trial.

DATED this 25th day of April, 2005.

*MWS S Lasnik*
Robert S. Lasnik,
United States District Judge

---

[2] If the "general" standard of care to which Andrew J. Dillon will testify is the same as the Washington standard of care, he and Bruce E. O'Connor would be offering duplicative testimony.  If, on the other hand, the "general" standard for patent attorneys is not the same as in Washington, testimony regarding the former would be irrelevant.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION IN LIMINE REGARDING
DUPLICATIVE EXPERTS                              -2-