UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
AT&T WIRELESS SERVICES, INC.,      )
                                   )   Case No. C03-0161L
                    Plaintiff,     )
        v.                         )
                                   )   ORDER GRANTING IN PART
MORGAN & FINNEGAN, L.L.P.,         )   DEFENDANT'S MOTION IN LIMINE
                                   )   REGARDING VIOLATIONS OF ATTORNEY
                    Defendant.     )   ETHICS RULES
_____)

   This matter comes before the Court on "Defendant's Motion in Limine to Preclude any Testimony or Argument Regarding Alleged Violations of Attorney Ethics Rules or a 'Breach of Fiduciary Duty.'" Recognizing that the Court dismissed its breach of fiduciary duty claim, plaintiff does not oppose the exclusion of evidence and argument regarding any alleged breach of fiduciary duty. Plaintiff maintains, however, that it should be permitted to present the substantive ideas embodied in the Rules of Professional Conduct ("RPC") in order to establish the legal duty of care that governed defendant's conduct.

   The holding of Hizey v. Carpenter, 119 Wn.2d 251 (1999), controls this issue. In order to prevail on its malpractice claim, plaintiff must show that defendant engaged in an act or omission that breached its duty of care. Before a breach can be established, plaintiff must establish what duty of care applies to attorneys hired to file a patent application. Hizey clearly

ORDER GRANTING IN PART DEFENDANT'S
MOTION IN LIMINE REGARDING VIOLATIONS
OF ATTORNEY ETHICS RULES

holds that plaintiff cannot simply allege a violation of the RPC to prove its malpractice claim or even to provide evidence of malpractice. 119 Wn.2d at 259. In light of the requirement that plaintiff show what actions an attorney using ordinary care would undertake in the circumstances of the case, however, Hizey authorizes the presentation of evidence based on the rules that govern the profession:

> To avoid confusion in practice, we point out experts on an attorney's duty of care may still properly base their opinion . . . on an attorney's failure to conform to an ethics rule. In so testifying, however, the expert must address the breach of a *legal* duty of care, and not simply the supposed breach of the ethics rule. . . . Such testimony may not be presented in such a way that the jury could conclude it was the ethical violations that were actionable, rather than the breach of the legal duty of care. In practice, this can be achieved by allowing the expert to use language from the CPR or RPC, but prohibiting explicit reference to them. The expert must testify generally as to ethical requirements, concluding the attorney's violations of the ethical rules constituted a deviation from the legal standard of care. . . . Jury instructions, moreover, may not refer to the CPR or RPC. An expert's mention of them or their use as the basis of jury instructions could mislead the jury into believing the CPR and RPC conclusively establish the standard of care -- precisely the result we wish to avoid.

119 Wn.2d at 265 (internal citations omitted, emphasis in original).

For all of the foregoing reasons, plaintiff shall not be permitted to refer to a breach of fiduciary duty or the Rules of Professional Conduct as such. Plaintiff may, however, establish the applicable standard of care by presenting evidence that incorporates the ethical standards that governed defendant's conduct without specifically mentioning the Rules of Professional Conduct or any particular rule. Defendant's motion in limine is GRANTED in part and DENIED in part.

ORDER GRANTING IN PART DEFENDANT'S
MOTION IN LIMINE REGARDING VIOLATIONS
OF ATTORNEY ETHICS RULES                    -2-

1   DATED this 25th day of April, 2005.

2

3

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION IN LIMINE REGARDING VIOLATIONS
OF ATTORNEY ETHICS RULES                    -3-